IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICKEY ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12-CV-397-TMH |
| | ) | [WO] |
| RYAN CONNER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Barbour County Jail in Clayton, Alabama, files the instant civil rights action pursuant to 42 U.S.C. § 1983. He asserts that he was assaulted by another inmate on April 15, 2012. Despite attempts to press criminal assault charges against his alleged attacker, Plaintiff complains that Defendants have denied him the ability to "seek criminal prosecution." (*Doc. No. 1*.) Plaintiff alleges that Defendants have prevented him from accessing the courts to file criminal charges and further contends that their conduct has violated his due process and equal protection rights as well as the jail's administrative rules and policies. (*Id*.). Plaintiff requests that Defendants be ordered to provide notary services and to allow him to initiate criminal charges.

Since filing this action, Plaintiff has also filed a motion to amend his complaint. (*See Doc. No. 4*.) In his proposed amended complaint seeking injunctive relief, Plaintiff challenges the adequacy of health care at the county jail as well as the adequacy of the

facility's law library. Plaintiff further alleges that the conditions of the jail are unconstitutional. Upon consideration of Plaintiff's motion to amend the complaint, it is

ORDERED that the motion to amend (*Doc. No. 4*) is GRANTED. Upon review of the complaint, as amended, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

## I. DISCUSSION

*A. Filing Criminal Charges*

With regard to Plaintiff's claim that his constitutional rights have been violated because he has not been allowed to file a criminal complaint against his alleged attacker, he is entitled to no relief. Plaintiff does not have a constitutional right to see his alleged persecutors punished for their conduct. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981).

*B. Access to Courts*

To the extent that Plaintiff complains that he has been denied access to the courts as a result of Defendants' conduct as described in ¶A, this claim is due to be dismissed. Likewise, Plaintiff's challenge to the adequacy of legal materials, resources, and supplies at

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

the county jail entitle him to no relief.  (*See Doc. No. 4*)

The law is well established that the fundamental constitutional right of access to the courts requires prison authorities to provide prisoners with adequate law libraries or adequate assistance from persons trained in law to prosecute both post-conviction proceedings and civil rights actions.  *Bounds v. Smith*, 430 U.S. 817 (1977), *Younger v. Gilmore*, 404 U.S. 15 (1971). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court concluded, however, that actual injury is required to state a claim for denial of access to the courts.  *Id*. at 351-52. Such injury will be shown when an inmate can "demonstrate that a non-frivolous legal claim has been frustrated or was being impeded." *Id*. at 353. The *Lewis* Court *disclaimed* any expansions of the right of access to the court which suggested "that the State must enable the prisoner to *discover grievances*, and to *litigate effectively* once in court. . ." To demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is [not something] . . . the Constitution requires." *Id*. at 354. (emphasis in original).

The Court likewise rejected the argument that the mere claim of a systemic defect, without a showing of actual injury, presented a claim sufficient to confer standing.  *Lewis*, 518 U.S. at 349.  Moreover, *Lewis* emphasizes that a *Bounds* violation is related to the lack of an inmate's capability to present claims. *Id*. at 356. "*Bounds*, which as we have said guarantees no particular methodology but rather the conferral of a capability -- the capability

of bringing contemplated challenges to sentences or conditions of confinement before the courts. When any inmate . . . shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates" the requisite actual injury. *Id.* Finally, the Court discerned that the injury requirement is satisfied only when an inmate has been denied "a reasonably adequate opportunity to file non-frivolous legal claims challenging [his] convictions or conditions of confinement. . . . [I]t is that capability, rather than the capability of turning pages in a law library, that is the touchstone." *Id*. at 356-357. "[T]he Constitution does not require that prisoners ... be able to conduct generalized research, but only that they be able to present their grievances to the courts - a more limited capability that can be produced by a much more limited degree of legal assistance." *Id*. at 360. The Court admonished that federal courts should allow prison officials to determine the best method of ensuring that inmates are provided a reasonably adequate opportunity to present their non-frivolous claims of constitutional violations to the courts. *Id*. at 356. A federal district court must "'scrupulously respect[] the limits on [its] role,' by 'not ... thrust[ing] itself into prison administration' and instead permitting '[p]rison administrators [to] exercis[e] wide discretion within the bounds of constitutional requirements.' [*Bounds*, 430] U.S. at 832-833, 97 S.Ct. at 1500." *Id*. at 363.

      Because the court has determined that Plaintiff has no judicially cognizable interest

in the prosecution or non-prosecution of another, the court finds in applying *Lewis* to the facts of this case that Plaintiff has failed to state a claim in this regard because he has not alleged that he was impeded in the pursuit of a non-frivolous legal claim. *Id*. Additionally, while Plaintiff contends in his amended complaint that he has been denied access to the courts due to the inadequacy of the Barbour County Jail's law library, he fails to allege any specific facts showing that he suffered prejudice to any pending or contemplated direct appeals, habeas corpus applications, or non-frivolous civil rights claims, and thus, he has not demonstrated actual prejudice as required to set forth a valid claim for the denial of access to the courts. Specifically, Plaintiff presents nothing to this court which demonstrates that the actions about which he complains relates to any conduct of Defendants or his inability to access a law library or legal materials such that he experienced adverse consequences or an <u>actual</u> injury from the alleged deprivation as such is contemplated in *Lewis*.

    Because Plaintiff's allegations fail to articulate any "actual injury" accruing to him based on his contention that he has been denied access to the courts, the claims presented in the complaint and amended complaint are due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

C. *Equal Protection*

    Plaintiff alleges that Defendants violated his right to equal protection by denying him

the opportunity to press criminal charges against his attacker and denying him reasonable access to a notary public "as constitutionally compared to other inmates and the public interest." (*Doc. No. 1*.) Plaintiff asserts that he needs the services of a notary to process his legal papers with the courts. (*Id.*)

The Equal Protection Clause guarantees that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985). To establish a claim under the Equal Protection Clause, a prisoner must show that (1) "he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest..." *Jones v. Ray,* 279 F.3d 944, 946-47 (11th Cir. 2001) (quotation omitted). Additionally, in order to establish a viable equal protection claim, a litigant must show an intentional or purposeful discrimination. *Snowden v. Hughes,* 321 U.S. 1, 8 (1944); *E & T Realty v. Strickland,* 830 F.2d 1107, 1113–14 (11th Cir. 1987).

Here, Plaintiff has generally alleged discrimination, but has not identified any specific facts that allow the court to make a plausible inference that any of the adverse treatment he allegedly received from Defendants was based on a constitutionally protected interest. *See Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice."); *see also Marsh v. Butler County,* 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001) ("[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."). As explained above, in order to establish a claim for an equal protection violation, Plaintiff must allege that Defendants gave differential treatment to prisoners who were similarly situated to him, and that the reason for the treatment was based on a constitutionally impermissible reason. *Jones,* 279 F.3d at 946–47; *Damiano v. Florida Parole and Prob. Comm'n,* 785 F.2d 929, 932–33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections,* 467 F.3d 1311, 1318–1319 (11th Cir. 2006). Plaintiff fails to identify any similarly situated prisoners who received more favorable treatment from the named defendants and, thus, his equal protection claim necessarily fails because he has not alleged that he was treated differently from other, similarly situated inmates. *See Sweet*, 467 F.3d at 1318-1319. Further, Plaintiff has generally alleged discrimination, but has not identified any specific facts tending to suggest that he has been subjected to any tangible unequal treatment by Defendants' conduct such as their decision's being based upon a constitutionally protected interest. Because Plaintiff's bald assertions of discrimination are unsupported by specific factual allegations, they are insufficient to state a claim for a violation of the Equal Protection Clause.[2] *See Smith v. Regional Director of Florida Dept. of Corrections*, 368 Fed. Appx. 9, 12, (11th Cir. 2010); *Iqbal*, *supra*.

---

[2] The court's equal protection analysis is equally applicable to Plaintiff's generalized assertions of equal protection violations by Defendants with regard to the claims presented in his amended complaint.

*D. Due Process*

Plaintiff argues that Defendants have denied him due process by violating their own administrative rules and policies, by denying him the ability to press criminal charges against his alleged attacker, and by failing to provide him reasonable access to a notary public. "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States...." *West v. Atkins,* 487 U.S. 42, 48 (1988). As explained, Plaintiff has no constitutionally protected interest in the prosecution or non-prosecution of another nor does he have any constitutional right of access to a notary public. Further, while a violation of a state or federally-created liberty interest can amount to a violation of the Constitution, not every violation of state or federal law or state or federally-mandated procedures is a violation of the Constitution. *See Buckley v. Barlow*, 997 F.2d 494 (8th Cir. 1993); *Shango v. Jurich*, 681 F.2d 1091, 1100 (7th Cir. 1982). A prison's adoption of administrative rules and policies is, at most, a procedural right only; it does not confer any substantive right upon inmates. It, therefore, does not give rise to a protected liberty interest requiring the procedural protections of the Fourteenth Amendment. *See Buckley*, 997 F.2d at 495. Thus, a violation of a prison's rules, regulations, and/or policies, without more, does not give rise to a federal constitutional violation. *See Hernandez v. Estelle,* 788 F.2d 1154, 1158 (5th Cir. 1986).

*E. Medical Care*

Plaintiff complains that Defendants have denied him access to adequate medical care.[3] In support of this claim Plaintiff alleges that the county jail does not have a 24-hour emergency medical infirmary for life threatening medical emergencies. Plaintiff further complains that the county jail lacks an adequate policy with regard to screening new inmates for infectious and sexually transmitted diseases. (*Doc. No. 4*.)

Plaintiff's claim of inadequate medical care is subject to dismissal based on the facts alleged in the complaint. In order to state a claim under 42 U.S.C. § 1983 based on a failure to provide adequate medical treatment, Plaintiff must allege that he has a serious medical condition and that prison officials are deliberately indifferent to his needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000). A "serious medical need" is one which has been diagnosed by a physician as mandating treatment or one

---

[3] It is unclear whether Plaintiff is incarcerated in the Barbour County Jail as a pre-trial detainee or convicted prisoner with regard to the matters about which he complains. If he is currently a pre-trial detainee, the standard of review with respect to his claims concerning the conditions of his confinement and the adequacy of medical care at the jail technically arise under the Fourteenth Amendment rather than the Eighth Amendment as pretrial detainees are protected from conduct that amounts to punishment under the Due Process Clause of the Fourteenth Amendment. *See Lancaster v. Monroe County*, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997) (A government official's treatment of a pre-trial detainee is governed by the Due Process Clause of the Fourteenth Amendment ... while the Cruel and Unusual Punishment Clause of the Eighth Amendment governs an official's treatment of a convicted prisoner.") (citations omitted). With respect to the applicable standard of review regarding the conditions and medical claims presented, however, this is a distinction without difference. For analytical purposes, there is no meaningful difference between the analysis required by the Fourteenth Amendment and that required by the Eighth Amendment. *Marsh v. Butler County, Ala.*, 225 F.3d 1243, 1256 (11th Cir. 1000); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985); *Edwards v. Gilbert,* 867 F.2d 1271, 1274 (11th Cir.1989). Even if Plaintiff was serving time in the Barbour County Jail as a convicted prisoner, the court's standard of review with regard to the claims noted would be the same as if the court considers him to be a detainee.

that is so obvious that even a layperson would easily recognize the need for a doctor's attention. *Laamon v. Helgemoe*, 437 F. Supp. 269, 311 (D.N.H. 1977); *see also Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991) (injury or condition is serious if it is "life threatening or pose[s] a risk of needless pain or lingering disability if not treated at once."); *Anderson-El v. O'Keefe*, 897 F. Supp. 1093, 1097 (N.D.Ill.1995) (pretrial detainee's scratch on chest was not sufficiently serious). This standard reflects society's belief that prisoner's have no constitutional entitlement to unqualified access to health care. *Estelle*, 429 U.S. at 103-104.

Deliberate indifference is demonstrated only where prison or medical personnel consciously disregard a substantial risk of serious harm to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Furthermore, it is the necessity of the medical treatment sought and not the desirability of such treatment which is determinative of whether medical officials have exhibited deliberate indifference. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992); *Hamm v. DeKalb County*, 774 F.2d. 1567, 1575 (11th Cir. 1985); *see also Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188-89 (11th Cir. 1994), *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (claims that specific medical procedures have been impermissibly delayed requires an inmate to put verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment). A showing of negligence, neglect, or medical malpractice is also insufficient to establish a

constitutional violation. *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986); *see also Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

Plaintiff's allegations regarding lack of a 24-hour emergency infirmary and inadequate intake screening procedures, without more, fail to state a violation of Plaintiff's constitutional rights. Plaintiff has not alleged that the matters about which he complains have resulted in any detrimental effect to his health or well-being. *Hill*, 40 F.3d at 1188-89. Rather, Plaintiff's claims are conclusory and speculative. His subjective concerns, without more, are insufficient to demonstrate a constitutional violation. *See Laird v. Tatum*, 408 U.S. 1 (1972) (subjective allegations "are not an adequate substitute for claims of specific, present objective harm or threat of a specific, future harm."). Jurisdiction cannot be premised upon a claim based on speculation. *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985). In light of the foregoing, the court concludes that this claim is due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

*F. Conditions Claim*

Plaintiff complains that Defendants are subjecting him to unconstitutional living conditions. These conditions include no accessibility to fire extinguishers in the cell block, "obsolete" cell block doors in need of electrical upgrading, "viable bacterium such as squalid froth in and/or on the shower stalls" which could cause various infections and skin conditions, potential for rat infested sink and toilet areas due to unrepaired leaks, mildew

on the walls, insufficient lighting causing "optic conditions" for Plaintiff's eyes, and overcrowding. (*Doc. No. 4*.)

A prison official has a duty under the Eight Amendment to "ensure that inmates receive adequate food, clothing, shelter and medical care." *Farmer,* 511 U.S. at 832. In order to demonstrate an Eighth Amendment violation with respect to conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry. *Id*. at 834. The objective component requires an inmate to prove that he was denied the "minimal civilized measure of life's necessities." *Id*. The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004). "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,'" only "extreme deprivations" will make out a conditions-of-confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective component requires a prisoner to prove that the prison official acted with "deliberate indifference" in disregarding that risk by showing that an official knew the inmate faced a "substantial risk of serious harm" and with such knowledge, disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 828, 834, 837.

Plaintiff alleges in conclusory terms that he is subjected to unconstitutional conditions of confinement at the Barbour County Jail and fails to indicate how the condition about

which he complains are so unsafe and/or unsanitary as to violate his rights or how they have denied him the "minimal civilized measure of life's necessities." All of the conditions or problems identified by Plaintiff are unfortunately problems of prison life in general, a life which, while not comfortable, must be humane. *Mathews v. Crosby*, 480 F.3d 1265, 1269 (11th Cir. 2007).

Plaintiff's fear that the conditions he describes could lead to his demise or cause him to contract infections is clearly conjectural. Plaintiff's speculative concerns regarding the conditions about which he complains are insufficient to state an actionable claim and describe merely the discomforts of various aspects of prison life and not the type of extreme deprivations that can be described as cruel and unusual punishment. Further, his allegations of overcrowding alone are insufficient to state a claim under the Eighth Amendment, and overcrowding alone is not *per se* unconstitutional. *Rhodes,* 452 U.S. at 348; *Castillo v. Cameron County, Tex.,* 238 F.3d 339 (5th Cir. 2001). Overcrowded conditions can be restrictive and even harsh; however, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities. *Rhode*, 452 U.S. at 348.

Because the deprivations about which Plaintiff complains are not sufficiently serious to rise to the level of a constitutional violation, his conditions claim is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Neitzke*, 419 U.S. 390.

## II. CONCLUSION

Accordingly, for the reasons stated herein, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint, as amended (*Doc. Nos. 1, 4*), be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i-ii). It is further

ORDERED that on or before **June 14, 2012,** the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 31st day of May, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE